Johnson, C. J. The correctness of the decision of the circuit court in overruling the motion for a new trial is the question to be determined. It was proved upon the trial that the plaintiff' demanded the property described in the declaration before the institution of his suit. Upon the demand being made the defendant did not expressly and positively refuse to deliver the property to the plaintiff, but remarked that lie had no claim to it, yet he would not give it up until he ascertained to whom it belonged. This is believed to be equivalent to saying that he made no pretence of claim to the property himself, and that he would deliver it to the plaintiff in case he could become satisfied he was entitled to it. If this is the legal import of his answer, then it is clear that he did not make a positive, but a qualified, refusal. The first point to be adjudicated, therefore, is as to the effect of such a refusal in furnishing l evidence of a conversion. It is laid down in 1st Chitty’s Pleadings, at p. 155, that “a demand and a non-compliance are prima facia evidence of a conversion, and will induce a jury to find it, unless the defendant adduce evidence to negative the presumption, as that he being a carrier, &c., lost the goods by negligencé, &c., or that he has reasonable grounds for doubting the plaintiff’s right, and offered to deliver them to the right owner.” A reference is there made to 3 Camp. 215, and 2 Bulst. 310. The case referred to in 3 Campbell is Green vs. Dunn. It was trover for timber, which the defendant found on his premises, and which had been deposited there by the permission of the former occupier. The plaintiff, to whom the timber belonged, having demanded it of the defendant, the latter said: “ If you will bring any one to prove it is your property, I will give it you, and not else.” Lord Ellenboroush, in delivering the opinion of the court, said: “This is a qualified refusal, and no evidence of conversion.” It will be conceded that it is not said, in so many words, that the defendant must have reasonable grounds to doubt the plaintiff’s right, yet the rule is most clearly subject to that restriction, and the facts of that case were fully sufficient to raise such doubts. The principle being thus ascertained, it now remains to be seen whether the facts developed here are of such a character as to bring this case within its operation. It appears, from the testimony, that there was a contest going on in respect to the right of property in the instruments described in the declaration, and that three persons had been selected as arbitrators to determine the matter, that the notes and receipts had all been delivered to Wallace, one of the arbitrators, by the plaintiff) for the purpose of being acted upon; that Wallace died before tbe arbitration was had, and that they fell into the hands of Pace, the defendant. They were claimed by John Rogers, as the executor of Bartlett Zachary, and by the plaintiff in his own right. It is not shown by the testimony how the defendant became"possessed of the property, and all that is said in respect to him is that he did not pretend to set up any claim, but refused to deliver it up until he could ascertain to whom it belonged. We consider the facts of the case fully sufficient to raise a reasonable and well-grounded doubt in the mind of the defendant in regard to the right of the plaintiff, and that therefore his refusal, qualified as it was, can furnish no evidence of a conversion. The conversion, being of the very gist of the action and the only injury of which the plaintiff complains, and there being no sufficient evidence of such conversion, the plaintiff necessarily failed in his proof, and was not entitled to recover. After the testimony was closed the court gave the jury sundry instructions. The second instruction is, that it was necessary for the plaintiff to prove that the property was in the possession of the defendant. If this instruction pointed to the time of the commencement of the suit, it was clearly wrong, as the suit is not for the thing itself, but for damages commensurate with its value, and in many cases the parting with the possession is the very fact upon which the plaintiff relies to establish a conversion. The com’t also instructed the jury that if the notes were placed in the hands of Wallace, and that they fell into the hands of Pace as his administrator, and that they were placed there jointly by the plaintiff, Zachary, and Rogers, the executor of B. Zachary, deceased, in order that Wallace might retain them until the title could be settled, that neither Wallace, nor his representatives, would be bound to re-deliver them until they were demanded by the parties by whom they were so delivered. This the court had no authority to give, as it simply involved an abstract principle of law. There was no evidence tending to prove that Pace was the administrator of Wallace, or that he received the notes and papers by virtue of any such authority. The last instruction is, that it is not sufficient to prove a conversion, that the defendant wished to know to whom the property belonged, and that a refusal is not sufficient when it is made upon a condition. That if a plaintiff demands goods, and the defendant answers that he has no claim to them, but wishes to be satisfied to whom they belong before he gives them up, it is not sufficient evidence of .a conversion. The principle enunciated by this instruction was incidentally discussed whilst commenting upon the force and effect of the testimony. It is believed that it is not sufficient of itself to re-but the presumption of a conversion that the defendant made a conditional, or qualified refusal, but that the reason of the law requires also that the case should develop such a state of facts as to afford reasonable ground to doubt the plaintiff’s title. The instruction is, therefore, erroneous in not going to the extent indicated. If a mere qualified refusal were admitted as conclusive evidence to rc-but the presumption of a conversion, and no facts or circumstances were required upon which to predicate the defendant’s doubts, it would place it in his power in every case to defeat the action unless the plaintiff should be prepared to prove an actual conversion. The court also gave other instructions: all of which are believed to be substantially correct. We are, therefore, of opinion that, although the court erred in point of law, in giving some of the instructions, yet, as those instructions, could not have had any influence upon the verdict of the' jury, they ought to be wholly disregarded, and the judgment affirmed. The judgment of the court below is affirmed.